# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ERNEST LOPEZ, SR.**, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 15 C 2405 |
| ) | |
| **MIKE KELLEY**, in his official capacity as ) | |
| **SHERIFF** of **WILL COUNTY, ILLINOIS**, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

After this Court issued its brief June 9, 2015 memorandum order sua sponte to point out a deficiency in defense counsel's responsive pleading in this multidefendant action brought by four members of the Lopez family, defense counsel returned with a self-contained Amended Answer (the "Answer"). Regrettably that work product contains a whole new set of flaws, so that this second and longer sua sponte memorandum order is needed to send defense counsel back to the drawing board once again.

As an initial hiccup, Answer ¶ 3 responds to the corresponding venue allegation in the Complaint by admitting "that jurisdiction in this court is proper." That careless minor error should be corrected when defense counsel return with still another responsive pleading, as they must.

Next in the order of appearance in the Answer, its Paragraph 5 follows a partial admission of the corresponding Complaint ¶ 5 allegations by "deny[ing] the further conclusions of law of Paragraph 5." If that is intended (as it reads literally) to deny that the Deputy Sheriff

defendants were not acting "under color of state and federal law, ordinance and/or regulation," it is difficult to understand how such a denial can be advanced in objective good faith. Defense counsel should either take a fresh look at that subject or provide this Court with some explanation of the basis for denial.

What is a good deal more troubling is the usage employed by defense counsel in several instances, in which they respond to an allegation of the Complaint by recasting in their clients' favor an entirely different version of the facts than plaintiffs' counsel has alleged and then by distorting the concept of a pleading admission by saying that defendants "admit" <u>their</u> <u>own</u> version of events -- in that respect see, e.g., Answer ¶23, 28, 30 and 36. Again defense counsel should think the matter through and file a proper response that conforms to (rather than flouts) both the letter and the spirit of Fed. R. Civ. P. ("Rule") 8(b)(1)(B).

Finally, one of the other examples of an improper use of "admit" is found in Answer ¶ 34. That appears to deserve special mention because it converts the Complaint's allegation that one of the defendant officers "dragged Lopez, Sr. away from the house and forcibly threw him down on the driveway in front of Beckman's squad car" to a so-called "admission" that the officer "had physical contact with Lopez," a euphemistic response followed by an equally euphemistic assertion that Lopez, Sr. was "escorted to the ground." That last usage of the word "escorted" may or may not do violence to the English language (while it certainly seeks to negate the officer's imposition of violence on Lopez, Sr.), but again counsel ought to take another look at the locution.

In sum, this Court orders defense counsel to file an appropriate amendment to the existing responsive pleading (not a fully self-contained Amended Answer) that conforms to the Rule 8(b)(1)(B) directive on or before July 10, 2015. No charge may be made to defendants by

their counsel for the added work and expense incurred in correcting counsel's errors by the preparation and filing of both the Answer and the amendment required by this memorandum order. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                        Milton I. Shadur
                                        Senior United States District Judge

Date: June 24, 2015