# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ERNEST LOPEZ, SR.**, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )    Case No. 15 C 2405<br>) |
| **MIKE KELLEY**, in his official capacity as **SHERIFF** of **WILL COUNTY, ILLINOIS**, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

On January 25, 2016 counsel for defendants delivered to this Court's chambers, in acknowledged compliance with this District Court's LR 5.2(f), a copy of a proposed Agreed Motion for Confidentiality Order together with a notice of its presentment on January 29. At that latter date this Court drew counsel's attention to a provision in this Court's website that addressed a subject left uncovered by the District Court's sample form of such orders -- that is, a provision dealing with the disposition, at the close of a case, of any paper documents that had been filed under seal during its pendency. Counsel agreed to make the necessary change.

At that point the classic line from <u>Cool</u> <u>Hand</u> <u>Luke</u> ("What we have here is a failure to communicate") came into play. Just two days later counsel transmitted a revised form of the proposed order by an e-mail transmittal to "Proposed_Order_Shadur@ilnd.uscourts.gov" -- but despite counsel's earlier-demonstrated knowledge of this Court's express requirement under the "dealer's choice" option provided by LR 5.2(f), no Judge's Copy of the proposed document was delivered to this Court's chambers. That oversight left this Court and its staff unaware of the submission, shifting the burden of following up from the litigants (where it belonged) to this

Court and its staff. It was not until this Court obtained its periodic printout of motions pending in all cases on its calendar that this Court triggered an inquiry that turned up the filing.

But there is more. In the days before Noah's flood when this Court was engaged in the active practice of law, it would not have dreamed of submitting for judicial entry a document that was really a draft rather than a finished version -- one containing strikeouts and underlinings and such designations as "Alternative A." That format may perhaps be useful to enable a judge to see whether any deviations from a suggested model form are or are not appropriate, but the final version for judicial signature simply should not take the form proffered by counsel here.

Accordingly counsel for the parties are ordered to tender forthwith for this Court's signature a paper original and a paper Judge's Copy of the Agreed Confidentiality Order in a form suitable for signature. Those documents should be accompanied by a check for $100 payable to the "Clerk of the District Court" because of counsel's noncompliance with LR 5.2(f) that has occasioned the issuance of this memorandum order.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　　　Senior United States District Judge

Date: February 23, 2016